AO 241                                                                Page 2
(Rev. 10/07)

| United States District Court | District: **Eastern** |
|---|---|
| Name (under which you were convicted): Bradley Jenkins | Docket or Case No.: CR4 14-124705 |
| Place of Confinement: Louisiana State Penitentiary | Prisoner No.: 631545 |
| Petitioner (include name under which you were convicted) custody of petitioner) BRADLEY JENKINS | Respondent (authorized person having custody of petitioner) v. DARREL VANNOY |
| The Attorney General of the State of **LOUISIANA** | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: **22ⁿᵈ JDC; Parish of Washington.**

    (b) Criminal docket or case number (if you know): **CR4-124705**

2.  (a) Date of the judgment of conviction (if you know): **June 11, 2015**

    (b) Date of sentencing: **June 24, 2015**

3.  Length of sentence: **2 Life Sentences w/o benefits, 30 years at hard labor**

4.  In this case, were you convicted on more than one count or more than one crime?   X  Yes    □  No

5.  Identify all crimes of which you were convicted and sentenced in this case: **2 Counts Aggravated Rape; 1 Count Attempted Aggravated Rape**

6.  What was your plea? (Check one)

    X  (1)  Not guilty           □  (3)  Nolo contendere (no contest)

    □  (2)  Guilty              □  (4)  Insanity Plea

    b)      If you entered a guilty plea to one count or indictment, and a not guilty plea to another count what did you plead guilty to and what did you plead not guilty to? **N/A**

    (c) If you went to trial, what kind of trial did you have? (Check one)

    X  Jury          □  Judge only

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   TENDERED FOR FILING

    X  Yes        □  No

8.  Did you appeal from the judgment of conviction?

    X  Yes        □  No

    MAY 22 2019

    U.S. DISTRICT COURT
    Eastern District of Louisiana
    Deputy Clerk

    X  Fee _Pauper_
    ____ Process_____
    X  Dktd_____
    ____ CtRmDep_____
    ____ Doc. No. _____

AO 241                                                                                                    Page 3.
(Rev. 10/07)

9.      If you did appeal, answer the following:

        (a) Name of court: **Louisiana First Circuit Court of Appeal**

        (b) Docket or case number (if you know): **2016-KA-1694**

        (c) Result: **Granted**

        (d) Date of result: **April 15, 2016**

        (e) Citation to the case (if you know): **193 So.3d 1175 (La. App. 1st Cir. 2016)**

        (f) Grounds raised: **Excessive Sentence (Granted Parole Eligibility)**

        (g) Did you seek further review by a higher state court? ☐   Yes  X    No

                If yes, answer the following:

                (1) Name of court:

                (2) Docket or case number (if you know):

                (3) Results:

                (4) Date of result (if you know):

                (5) Citation to the case (if you know):

                (6) Grounds raised:

        (h) Did you file a petition for certiorari in the United States Supreme Court?      ☐   Yes  X   No

                If yes, answer the following:

                (1) Docket or case number (if you know):

                (2) Result:

                (3) Date of result (if you know):

                (4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or
motions concerning this judgment of conviction in any state court?      X  Yes  ☐   No

11.     If your answer to Question 10 was "Yes", give the following information:

        (a)     (1) Name of court: **22nd JDC, Parish of Washington**

                (2) Docket or case number (if you know): **124705**

                (3) Date of filing (if you know): **November 14, 2017**

                (4) Nature of the proceeding: **Application for Post-Conviction Relief**

                (5) Grounds raised: **Ineffective assistance of counsel, Prosecutor misconduct**

                (6) Did you receive a hearing where evidence was given on your petition, application or motion?

                        ☐   Yes  X    No

                (7) Result: **Denied**

                (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on your petition, application or motion?

| | | | | |
|---|---|---|---|---|
| (1) First petition: | X | Yes | □ | No |
| (2) Second petition: | □ | Yes | □ | No |
| (3) Third petition: | □ | Yes | □ | No |

(e) If you did not appeal to the highest state court having jurisdiction, explain briefly why you did not: **N/A**

12.     For this petition, state every ground which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

### GROUND ONE: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **See: Memorandum in Support**

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

  (1)     If you appealed from the judgment of conviction, did you raise this issue?      □ Yes     X No

  (2)     If you did not raise this issue in your direct appeal, explain why: **Best raised on collateral review**

(d) **Post Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

  X  Yes      □  No

  (2) If you answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: **Application for Post-Conviction Relief**

  Name and location of the court where the motion or petition was filed: **22nd JDC; Parish of Washington**

  Docket or case number (if you know): **124705**

  Date of court's decision: **March 7, 2018**

  Result (attach a copy of the court's opinion or order, if available): **Denied**

  (3) Did you receive a hearing on your motion or petition?  □  Yes     X  No

  (4) Did you appeal from the denial of your motion or petition?  X  Yes      □  No

  (5) If you answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  X  Yes  □  No

  (6) If your answer to Question (d)(4) is "Yes," state:

  Name and location of the court where the motion or petition was filed: **Louisiana First Circuit Court of Appeal; Baton Rouge, Louisiana**

AO 241                                                                                                                    Page 5.
(Rev. 10/07)

Docket or case number (if you know):

Date of court's decision:

Result (attach a copy of the court's opinion or order, if available): **Denied**

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **None**

**GROUND TWO: Prosecutor Misconduct**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **See: Memorandum in Support**

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)        **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        □ Yes   **X** No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **Best raised on collateral review due to counsel's failure to object.**

(d)        **Post Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

**X** Yes        □ No

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd JDC: Parish of Washington**

Docket or case number (if you know): **124705**

Date of court's decision: **March 7, 2018**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?        □ Yes        **X** No

(4) Did you appeal from the denial of your motion or petition?        **X** Yes        □ No

(5) If you answer to question (d)(4) is "Yes," did you raise this issue in the appeal?        **X** Yes   □ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed: **Louisiana First Circuit Court of Appeal**

Docket or case number (if you know):

Date of court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241                                                                                                Page 6.
(Rev. 10/07)

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **None**

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?         **X** Yes         □ No

        If you answer is "No," state which grounds have not been do presented and give your reason(s) for not presenting them:

    (b)     Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?         □ Yes         **X** No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy or any court opinion or order, if available.

15      Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?         □ Yes         **X** No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised.

(16)    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: **Ernie Barrow, III: 113 East 23rd Ave., Covington, LA  70433**

    (b) At arraignment and plea: **Ernie Barrow, III: 113 East 23rd Ave., Covington, LA  70433**

    (c) At trial: **Ernie Barrow, III: 113 East 23rd Ave., Covington, LA  70433**

    (d) At sentencing: **Ernie Barrow, III: 113 East 23rd Ave., Covington, LA  70433**

    (e) On appeal: **Bertha M. Hillman, 222 North Vermont St., Covington, LA  70433**

    (f) In any post-conviction proceeding: **Pro-Se**

    (g) On appeal from any ruling against you in a post-conviction proceeding: **Pro-Se**

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?         □ Yes         **X** No
(a) If so, give the name and location of the court that imposed the other sentence you will serve in the future:

AO 241                                                                                                   Page 7.
(Rev. 10/07)

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d). Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in

    the future?                        □  Yes         □  No

18.      TIMELINESS OF PETITION: If you judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Therefore, petitioner asks that the Court grant the following relief: Mr. Bradley requests that this Honorable Court vacate his conviction(s) and sentence(s), or any other relief to which petitioner may be entitled.

_____

                                Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on (month, day, year).

Executed (signed) on   _5/21/19_____  (date)

                                    _Bradley Jenkins_____
                                    Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244 (d) provides in part that:

1.      (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking for such review;
(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)      the date on which the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence.
      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Bradley Jenkins #631545
MPWY/Oak-3
Louisiana State Penitentiary
Angola, LA 70712-9818

May 21, 2019

Clerk of Court,
U.S. District Court,
Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70130

RE: *Bradley Jenkins vs. Darrel Vannoy*, **Warden, Civil No. _____.**

Dear Clerk:

Please find enclosed an Original of my pro se *Petition for Federal Habeas Corpus (28 U.S.C. § 2254) and accompanying Memorandum of Law in Support with attached exhibits* in the above referenced civil matter. I respectfully ask that you please file same into the docket of this court for judicial consideration and disposition.

In addition, please find an Original of my pro se *Motion to Recuse Judge Minaldi* that I respectfully ask be set for judicial consideration prior to assignment of my habeas petition.

Furthermore, please find my application for in pauper status. Should it be determined that I am required to pay the $5.00 filing fee, kindly submit such a notice and allow me not more than thirty (30) days by which to submit funds from my inmate account.

Your cooperation and time in this matter are greatly appreciated.

Respectfully,

*Bradley Jenkins*
Bradley Jenkins

Enclosures (3)
BJ/dec#304580

Cc:    w/encl. District Attorney, Washington Parish

TENDERED FOR FILING

MAY 22 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA


### BRADLEY JENKINS

VERSUS No.:_____

### DARREL VANNOY, Warden
### Louisiana State Penitentiary


On Petition For Federal Habeas Corpus Pursuant To 28 U.S.C. § 2254;
From the 22nd Judicial District Court, Parish of Washington, State of Louisiana,
Docket Number 124705.


Respectfully submitted this 21st day of May, 2019.


                              BRADLEY JENKINS #631545
                              MPWY/OAK-3
                              LA. STATE PENITENTIARY
                              ANGOLA, LA 70712-9818


### CIVIL PROCEEDINGS

## TABLE OF CONTENTS:                                             **Page**

TABLE OF AUTHORITIES.................................................................................................ii

MEMORANDUM OF LAW IN SUPPORT.....................................................................1

PROCEDURAL HISTORY.................................................................................................1

FEDERAL QUESTIONS PRESENTED.............................................................................3

    **Mr. Jenkins was denied effective assistance of counsel during the course of these proceedings, which is contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States**................................................3

TIMELINESS OF THIS PETITION.....................................................................................3

STANDARD OF REVIEW....................................................................................................3

ISSUES PRESENTED...........................................................................................................4

ARGUMENT OF LAW.........................................................................................................4

ISSUE NO. 1..........................................................................................................................4

    **Mr. Jenkins was denied effective assistance of trial counsel**........................................4

    **Deficient Performance**........................................................................................................4

    **Prejudice**.............................................................................................................................10

ISSUE NO. 2........................................................................................................................12

    **Mr. Jenkins was obtained with the use of Prosecutorial Misconduct**.........................12

CONCLUSION AND PRAYER...........................................................................................15

EXHIBITS    End

## TABLE OF AUTHORITIES:                                Page

## U.S. CONSTITUTION:

Sixth Amendment to the Constitution of the United States...........................................................6, 8, 12

Sixth and Fourteenth Amendments to the U.S. Constitution...................................................................7

## FEDERAL CASES:

Adams v. United States ex rel McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942)..............7

Artuz v. Bennett, 121 S.Ct. 361, 531 U.S. 4 (2000).................................................................................3

Blackburn v. Foltz, 828 F. 2d 117, 1183 (6th Cir. 1987)...........................................................................4

Brown v. Myers, 137 F.3d 1154 (9th Cir. 1998)..............................................................................10, 13

Carey v. Saffold, 122 S.Ct. 2134, 536 U.S. 214 (2002)............................................................................3

Danforth v. Minnesota, 552 U.S. 264, 128 S.Ct. 1029, 169 L.Ed.2d 859.................................................13

Griffin v. Warden, 970 F. 2d 1355, 1358 (4th Cir. 1992)...........................................................................4

Horton v. Zant, 941 F. 2d 1449. 1462 (11th Cir. 1991)..............................................................................6

Jones v. Cunningham, 313 F.2d 347, 353 (4th Cir.)..................................................................................9

Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 2589, 91 L.Ed.2d 305 (1986)..........................8

Kokeraleis v. Gilmore, 131 F.3d 692, 696 (7th Cir. 1997)........................................................................9

Kyles v. Whitley, 115 S.Ct. 1555 (1995)...................................................................................................8

Lockhart v. Fretwell, 506 U.S. 364, 368, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)...................................7

McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).......................7

Pavel v. Hollins, 261 F. 3d 210, 220 (2nd Cir. 2001)................................................................................4

Roe v. Flores-Ortega, 528 U.S. 470, 481, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000).............................6

Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)........6, 7, 8, 11, 13

Towns v. Smith, 395 F.3d 251, 258-61 (6th Cir. 2005).............................................................................4

U.S. v. Sumner, 204 F.3d 1185 (8th Cir. 2000).......................................................................................12

U.S. v. Turning Bear, 357 F.3d 730 (8th Cir. 2004).................................................................................12

United States v. Renville, 779 F.2d 430, 438 (8th Cir. 1985)...................................................................12

Wade v. Armontrout, 798 F.2d 304 (8th Cir. 1986)...................................................................................8

Washington v. Strickland, 693 F.2d 1243, 1251 (11th Cir. 1982)..............................................................9

Williams v. Taylor, 120 S.Ct. 1495, 529 U.S. 362 (2000).........................................................................4

Yarborough v. Alvarado, 124 S.Ct. 2140, 541 U.S. 652 (2004).................................................................4

## LA. CONSTITUTION:

Article 1, Section 13 of the Louisiana Constitution of 1974 ............................................................... 7

La. Const. Art. 1, Section 13 .................................................................................................................. 7

## STATUTORY PROVISIONS:

28 U.S.C.A. § 2244(d)(1) ........................................................................................................................ 3

28 U.S.C.A. § 2244(d)(2) ........................................................................................................................ 3

28 U.S.C.A. § 2254 ..................................................................................................................... 1, 4, 15

28 U.S.C.A. § 2254(d)(2) ........................................................................................................................ 4

Fed. Rule 803(4) ................................................................................................................................... 12

Fed. Rules Evidence 803(4) and 807 .................................................................................................. 13

La.C.Cr.P. Art. 930.3 (1) ........................................................................................................................ 6

LSA-R.S. 14:42 ........................................................................................................................................ 1

LSA-R.S. 14:42:27 .................................................................................................................................. 1

## STATE CASES:

State v. Barnes, 126 So.3d 606, 617-18 ................................................................................................ 8

State v. Deruise, 802 So.2d 1224, 1247-48 .......................................................................................... 4

State v. Hernandez, 686 So.2d 92, 94 ................................................................................................... 8

State v. Jenkins, 172 So.3d 27 (La. App. 4th Cir. 2015) .................................................................... 11

State v. Leger, 936 So.2d 108, 142 ....................................................................................................... 7

State v. Mark, 146 So.3d 886, 905 ........................................................................................................ 8

State v. Reeves, 11 So.2d 1031, 1055 ................................................................................................... 7

State v. Roe, 151 So.3d 838, 870 .......................................................................................................... 7

State v. Small, 147 So.3d 1274, 1284 ................................................................................................... 8

State v. Thomas, 124 So.3d 1049, 1053 ............................................................................................... 4

State v. Washington, 491 So.2d 1337, 1338-39 (La. 1986) ................................................................ 7

State v. Wood, 648 P.2d 71 (Utah 1982) .............................................................................................. 9

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRADLEY JENKINS**

CIVIL ACTION

NUMBER:

-Versus-

JUDGE:

**DARREL VANNOY, Warden**

MAGISTRATE:

## MEMORANDUM OF LAW IN SUPPORT
## OF PETITION FOR FEDERAL HABEAS CORPUS

### MAY IT PLEASE THE COURT:

NOW INTO COURT comes Bradley Jenkins, (Petitioner) in a pro se capacity, who respectfully presents his "Memorandum of Law in Support of Petition for Federal Habeas Corpus"; and who respectfully prays this Honorable Court will accept and consider same in connection with his "Petition for Federal Habeas Corpus" pursuant to *28 U.S.C.A. § 2254.*

### PROCEDURAL HISTORY

Mr. Bradley Jenkins was convicted of two Counts of Aggravated Rape of a Juvenile Under the Age of Thirteen, a violation of LSA-R.S. 14:42; and, one Count of Attempted Aggravated Rape of a Juvenile Under the Age of Thirteen, a violation of LSA-R.S. 14:42:27.

Mr. Jenkins plead not guilty and not guilty by reason of insanity. Prior to trial he withdrew this plea and entered a plea of not guilty. The matter was tried before a jury of twelve persons on July 8, 10 and 11, 2015. Mr. Jenkins was found guilty of Aggravated Rape of a Child Under the Age of Thirteen on Counts One and Two and guilty of Attempted Aggravated Rape of a Child Under the Age of Thirteen

on Count Three. Mr. Jenkins filed a motion for a new trial and motion for post verdict judgment of acquittal, both of which the court denied.

On the two Counts of Aggravated Rape of a Child Under the Age of Thirteen the Court sentenced Mr. Jenkins to serve a life sentence without benefit of parole, probation or suspension of sentence on each count. On Count Three, Attempted Aggravated Rape of a Child Under the Age of Thirteen, the Court sentence Mr. Jenkins to thirty years at hard labor with the Department of Corrections without benefit of parole, probation or suspension of sentence. The sentences are concurrent. Mr. Jenkins was given credit for time served. Mr. Jenkins filed a motion to reconsider sentence which the court denied.

Mr. Jenkins timely filed his Original Brief on Appeal. The Louisiana First Circuit Court of Appeal affirmed Mr. Jenkins' conviction(s), but remanded the matter to the district court for amendment of the sentences on Counts 1 and 2 on May 15, 2015. Mr. Jenkins did not seek Writs to the Louisiana Supreme Court.

On November 14, 2017, Mr. Jenkins timely filed his Application for Post-Conviction Relief to the 22nd Judicial District Court, which was denied without the benefit of an evidentiary hearing. Mr. Jenkins' pleadings to the state courts on collateral review were timely throughout the exhaustion process.

Mr. Jenkins now timely files his Petition for Writ of Habeas Corpus to this Honorable Court, humbly requesting that this Court grant him relief for the following reasons to wit:

## FEDERAL QUESTIONS PRESENTED

**Mr. Jenkins was denied effective assistance of counsel during the course of these proceedings, which is contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.**

## TIMELINESS OF THIS PETITION

A 1-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *28 U.S.C.A. § 2244(d)(1)*. The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. *28 U.S.C.A. § 2244(d)(2)*. *Artuz v. Bennett*, 121 S.Ct. 361, 531 U.S. 4 (2000); *Carey v. Saffold*, 122 S.Ct. 2134, 536 U.S. 214 (2002).

## STANDARD OF REVIEW

A petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme

Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *28 U.S.C.A.* *§ 2254(d)(2)*. *Williams v. Taylor*, 120 S.Ct. 1495, 529 U.S. 362 (2000); *Yarborough v. Alvarado*, 124 S.Ct. 2140, 541 U.S. 652 (2004).

## ISSUES PRESENTED

1. MR. JENKINS WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

2. PROSECUTORIAL MISCONDUCT.

## ARGUMENT OF LAW
### ISSUE NO. 1

**Mr. Jenkins was denied effective assistance of trial counsel.**

At the outset it must be noted that Mr. Jenkins has set forth only one one ground for relief; that being, ineffective assistance of counsel. However, Mr. Jenkins has identified five instance in which trial counsel's performance was prejudicial deficient. Ineffective assistance of counsel at trial is a well recognized basis for seeking and obtaining post-conviction relief. See *State v. Deruise*, 802 So.2d 1224, 1247-48; *State v. Thomas*, 124 So.3d 1049, 1053.

An attorney's failure to present available exculpatory evidence is ordinarily deficient, unless some cogent tactical or other consideration justified it. *Pavel v. Hollins*, 261 F. 3d 210, 220 (2ⁿᵈ Cir. 2001) (quoting *Griffin v. Warden*, 970 F. 2d 1355, 1358 (4ᵗʰ Cir. 1992); see also *Blackburn v. Foltz*, 828 F. 2d 117, 1183 (6ᵗʰ Cir. 1987)(holding that failure to properly pursue a potential alibi defense "constituted ineffective representation outside the wide range of professionally competent assistance"); *Towns v. Smith*, 395 F.3d 251, 258-61 (6ᵗʰ Cir. 2005)(counsel provided ineffective assistance by failing to properly pursue a potential favorable defense witness).

*Deficient Performance:*

In denying Mr. Jenkins' Application for Post-Conviction Relief, the trial court stated: "The State

points out in its response to the Application for Post-Conviction Relief that the documentary evidence that petitioner alleges should have been presented to the jury was actually obtained by Mr. Jenkins' trial counsel. After reviewing these documents, petitioner 's trial counsel made a strategic decision not to advance the alibi defense and noted on the record outside of the presence of the jury that petitioner only had an alibi for "part of the time that is included in the indictment" and acknowledge that "there is a period of time he was herein in the parish". "The record supports that Mr. Jenkins' counsel did not present an alibi defense because the facts did not support such defense" (see copy of ruling attach hereto)

The trial court's rational for denying Mr. Jenkins' Post-Conviction Relief application was predicated on the State's response. The State's response conceded that defense counsel had the documents from the Methodist Boys Home in Sulphur, Louisiana which establish that Mr. Jenkins was not in the parish for part of the time that is included in the indictment. However, counsel would not present this to the jury because he determined that the alibi would not work.

This reasoning on the part of counsel is totally unfounded. Mr. Jenkins enter a plea of not guilty. In order to prove his innocent, evidence was needed to prove that Mr. Jenkins was either not in the area at the time when the alleged offenses occurred, or that the victim's was wrong in accusing Mr. Jenkins of committing these offense. Defense counsel had in his possession documentation that prove Mr. Jenkins was not in the parish part of the time the alleges offense was to have been committed but would not present this evidence before the jury to aid Mr. Jenkins in proving his innocent.

The trial court failed to consider defense counsel was also aware that K.N. (the allege victim in count one, aggravated rape), told the interviewer that *Mr. Jenkins had not touched her but he tried to make her touch him.* This statement was made by K.N. 's birth mother, Holly Newman, to Child Protection Investigator Emily Cook. Defense counsel did not call Emily Cook, or K. N., or her mother

Holly Newman as witnesses to present this testimony to the jury to support Mr. Jenkins' defense of not guilty. Defense counsel was aware, and the state again conceded in its response to Mr. Jenkins' Post-Conviction Relief that the medical examination performed by (Dr. Mehta) produce normal results, no indication of sexual abuse. Defense counsel stated his strategy was to argue that the children lied in order to be remove from their suboptimal living conditions.

In this case, the relevant question is not whether counsel's choices were strategic, but whether they were reasonable. *Roe v. Flores-Ortega,* 528 U.S. 470, 481, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000); accord, *Clinscale,* 375 F.3d at 443. A purportedly strategic decision is not objectively reasonable "when the attorney has failed to investigate his options and make a reasonable choice between them. *Horton v. Zant,* 941 F. 2d 1449. 1462 (11ᵗʰ Cir. 1991)(cited in *Combs,* 205 F.3d at 288)

The trial strategy defense counsel was trying to employ was not an exercise of reasonable professional judgment when considering evidence exist that prove Mr. Jenkins was innocent of the offense he was charged with committing. The only option that should have been considered by counsel in this case was to present the evidence that he was aware of before the jury to show that Mr. Jenkins did not committed these offenses. Here, trial counsel's performance was clearly deficient due to his failure to present evidence and witnesses that could have supported Mr. Jenkins' plea of not guilty. In accordance with *Strickland,* supra, we now demonstrate the prejudiced suffered from counsel's deficient performance.

A claim of ineffective assistance is a proper ground on which to seek Post-Conviction Relief as it asserts that the Mr. Jenkins' conviction was obtained in violation of the Sixth Amendment to the Constitution of the United States or the State of Louisiana." La.C.Cr.P. Art. 930.3 (1). Indeed, this claim is ordinarily raised in an Application for Post-Conviction Relief rather than on Direct Appeal because, if sufficiently pleaded, an applicant would then be entitled to an evidentiary hearing to

develop the facts necessary to prove that claim. See *State v. Leger*, 936 So.2d 108, 142.

The Sixth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section 13 of the Louisiana Constitution of 1974 guarantee a person accused of a crime the right to effective assistance of counsel. See *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)); *State v. Washington*, 491 So.2d 1337, 1338-39 (La 1986)(incorporating the *Strickland* analysis for claims of ineffective assistance of counsel under La. Const. Art. 1, Section 13). See also *Lockhart v. Fretwell*, 506 U.S. 364, 368, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *State v. Reeves*, 11 So.2d 1031, 1055. "This right is needed to protect the fundamental right to a fair trial," *Strickland*, 466 U.S. at 684, 104 S.Ct. 2052, and plays a "crucial role in the adversarial system since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution to which they are entitled." Id. at 685, 104 S.Ct. 2052 (quoting *Adams v. United States ex rel McCann*, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942)). Effective assistance of counsel is thus "critical to the ability of the adversarial system to produce just results." *Strickland*, 466 U.S. at 685, 104 S.Ct. 2052.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result," *Id.* at 686, 104 S.Ct. 2052. Strickland is the touchstone decision which sets forth the two elements of a claim for ineffectiveness assistance of counsel. See *Id.* at 668, 104 S.Ct. 2052; *State v. Roe*, 151 So.3d 838, 870. Both of these elements are essential to establish a prisoner's right to Post-Conviction Relief and, as a result, a new trial. See *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Washington*, 491 So.2d at 1338.

First, Mr. Jenkins must demonstrate that counsel's performance was deficient and thus made errors so serious that "counsel's representation fell below an objective standard of reasonableness."

*Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. Counsel is then no longer functioning as the counsel guaranteed the defendant by the Sixth Amendment to the United States Constitution. See *State v. Small*, 147 So.3d 1274, 1284. And, second, Mr. Jenkins must show that any deficiencies in counsel's performance prejudiced the defense. See *Strickland*, 466 U.S. at 693, 104 S.Ct. 2052. "This requires showing that the deficiencies were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. 2052.

While it is necessary to allege that Mr. Jenkins' counsel's performance was both deficient and prejudicial, a conclusory allegation is not sufficient to establish an ineffective assistance of counsel claim. *State v. Mark*, 146 So.3d 886, 905; *State v. Barnes*, 126 So.3d 606, 617-18. See also *State v. Hernandez*, 686 So.2d 92, 94 (commenting that allegations of attorney error may not be vague). A failure to demonstrate either deficiency in performance or prejudice to the defense from that deficiency will defeat a claim of ineffective assistance of counsel.

The question of ineffective assistance of counsel is a cumulative one. It is not proper to divide each issue up in an effort to conquer it, rather this court must review the totality of the circumstances and the cumulative effect of counsel's lapses. See *Strickland*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984) (when reviewing counsel effectiveness, court must look to all the circumstances of the trial). See also *Kyles v. Whitley*, 115 S.Ct. 1555 (1995).

At the heart of effective representation is the independent duty to investigate and prepare. As the court held in *Wade v. Armontrout*, 798 F.2d 304 (8th Cir. 1986):

"Investigation is an essential component of the adversary process. Because the adversarial testing process generally will not function properly unless counsel has done some investigation into the prosecutions case and into various defense strategies... counsel has a duty to make reasonable investigations." id. at 307 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 2589, 91 L.Ed.2d 305 (1986)(quoting *Strickland*, 466 U.S. 668, 691 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

This is particularly critical in this case where it relates to the failure to investigate and present

witnesses and evidence that would have aided an effective defense of alibi. See, *Jones v. Cunningham*, 313 F.2d 347, 353 (4th Cir.) *cert denied*, 357 U.S. 832 (1963)(counsel has affirmative obligation to seek out possible defenses); cf *State v. Wood*, 648 P.2d 71 (Utah 1982)(ineffective counsel found if attorney refuses to present the defendant's basic defense).

In *Kokeraleis v. Gilmore*, 131 F.3d 692, 696 (7th Cir. 1997) the court held: "A defense attorney's performance is acceptable when he chooses a professionally competent strategy that secures for the accused the benefit of an adversarial process." However, in the present Post-Conviction Relief, counsel's performance did not secure the benefit of an adversarial process but in fact broke down the adversarial process, and therefore cannot be considered strategic or tactical.

The adequacy of a pretrial investigation turns on the complexity of the case and trial strategy. *Washington v. Strickland*, 693 F.2d 1243, 1251 (11th Cir. 1982)(en banc), *rev'd on other grounds*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, there was only one strategy: alibi defense.

In this case before the court, defense counsel failed to secure documentation which showed Mr. Jenkins was in a group home in Sulfur, Louisiana, when the alleged abuses occurred. Records show Mr. Jenkins was in a group home from April 2010 to June 2012, and the group home is not an out patient facility. (see exhibit 1 attached hereto). Further, medical documentation was given to counsel showing that the medical examination preform by the State's physical examiner, Dr. Neha Mehta, reveal physical examination of the victims produced normal results, no indication of sexual abuse. (see exhibit 2, attached hereto).

The above information could have aided Mr. Jenkins in his defense and could have impeach the victims testimony. It must be noted, one the alleged victims (K.N.) told Emily Cook, an investigator from the O.C.S., that she and her sisters were never abuse, or touch by Mr. Jenkins. (See: statement made on 8-29-13). Also, alleged victim (S.N.) denied being abuse in trial. (see: OCS/DCF's

investigator notes from 8-29-13)(and trial transcript page 106-107 (384-385) Vol.3, for S.N.'s trial testimony).

Information was also made available to counsel showing Mr. Jenkins' mental disability. These record's consisted of: Group home psychiatrist diagnosis of Mr. Jenkins being diagnosis as "mild mental retardation" and was receiving treatment from Bogalusa and Pinewood therapeutic clinic. These record would have supported Mr. Jenkins' defense that he did not commit these offense. However, defense counsel made no attempt to investigate this case or present the evidence to the jury for their consideration. The above information when view in its totality could have aided Mr. Jenkins in his defense of not guilty of committing these charged offenses.

Defense counsel's performance fall below established competency standards, where his sole strategy was to present an alibi defense, but failed to investigate and obtained any evidence that would have aided Mr. Jenkins' alibi defense, nor did he prepare or contact any of the group homes to obtain information regarding the dates Mr. Jenkins was an in patient to demonstrate Mr. Jenkins was no where near the victims during the alleged time frame. Defense counsel performance was clearly deficient. Mr. Jenkins will now demonstrate how he was prejudice by counsel deficient performance.

*Prejudice:*

When proving prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 693, 104 S. Ct. 2052. A reasonable probability is a probability sufficient to making a finding of prejudice and to undermine confidence in an outcome. *Id.* at 693, 103, 104 S. Ct. 2052.

The question is whether there is reasonable probability that counsel's failure to investigate, locate and present evidence. Affect the outcome of the proceeding. "A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Browns v. Myers*, 137 F.3d 1154 (9th Cir. 1998)

(citing: *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). In this case, the State's cases rested on the testimony of three alleged victims whom give prior statements that they had not been abuse. Medical evidence exists which shows there was no indication that the victims had been abuse. There was also evidence showing that Mr. Jenkins was in a group home during the time the alleged abuse occurred and could not have left the group home unnoticed at no time because Mr. Jenkins was an in-patient, meaning he actually live in the group home and was confined there during the period the alleged abuse occurred.

The jury was never presented with any of the alibi evidence that was available due to trial counsel failure to investigate and obtained the evidence; even though, the evidence was readily available. Here, the ineffective assistance of counsel prejudice Mr. Jenkins to the extent that it undermine confidence in the outcome of the verdict. There is no doubt, if the jury could have consider the statements by the victims that no abuse occurred, medical evidence showing there was no sign of abuse, and the group home records showing Mr. Jenkins' location at the time of these alleged crime; there is a reasonable probability that the outcome of trial would have been different. *State v. Jenkins*, 172 So.3d 27 (La. App. 4ᵗʰ Cir. 2015).

There is no reason for a defense counsel to allow his client to receive a life sentence when evidence exist that raises a reasonable probability sufficient to prove that petitioner was innocence of these offenses. The jury was deprive of hearing the evidence that supported Mr. Jenkins' defense of not guilty. Not only was documentation evidence available that counsel could have use to show Mr. Jenkins was not in the parish when some of the allege offense were committed, there were also testimony from witnesses that counsel could have presented to the jury to show that Mr. Jenkins did not committed these offenses. The evidence that counsel felt wouldn't work, if properly presented to the jury along with the evidence from the medical examination of all the victims which shows that no sexual abuse

could be found, does present a reasonable probability sufficient to making a finding of prejudice and to undermine confidence in the outcome of trial.

In sum, the prejudice suffer by Mr. Jenkins from counsel's deficient performance is of the gravest magnitude. Mr. Jenkins received a life sentence plus a number of years for crimes that evidence was available to show that Mr. Jenkins was either not in the parish when the offense was alleged to have occurred, or that the alleged offense never occurred. Clearly, there is a reasonable probability that, but for counsel's unprofessional errors, the result to the proceedings would have been different. The reasonable probability present in this case is sufficient to undermine the outcome of this case. _Strickland_ at 466 U.S. 693.

## ISSUE NO. 2

### Mr. Jenkins was obtained with the use of Prosecutorial Misconduct.

In this Claim of Prosecutorial Misconduct which occurred during trial, and resulted in a violation of Mr. Jenkins' Sixth Amendment to the United States Constitution's rights. See: _U.S. v. Turning Bear_, 357 F.3d 730 (8th Cir. 2004), where the Court held that, "The ruling allowing admission of statements made for purpose of medical diagnosis or treatment is widely accepted as affirmly rooted hearsay exception." _U.S. v. Sumner_, 204 F.3d 1185 (8th Cir. 2000). "Where their physician makes clear to the victim that the inquiry into the identity of the accuser is important to diagnosis and the treatment, the victim manifest such an understanding." _United States v. Renville_, 779 F.2d 430, 438 (8th Cir. 1985).

We have to ask two questions in determining whether a statements meets the standards for admissions under Fed. Rule 803(4): First, the Declarant's motive in making the statements must be consistent with the purposes of promoting treatment; and second, the content of the statement be such as reasonably relied by a physician's treatment or diagnosis." _Id._, at 436.

During trial, the prosecution disclosed out-of-court statements that could not "reasonably relied on by the physician's diagnosis." Thus such is a violation of Mr. Jenkins' Sixth Amendment rights, as well

as Fed. Rules Evidence 803(4) and 807.

The prosecution admitting video-taped statements of a Forensic Examiner that was not admissible under the Confrontation Clause. See: *Danforth v. Minnesota*, 552 U.S. 264, 128 S.Ct. 1029, 169 L.Ed.2d 859. Confrontation rights, admission of out-of-court video-taped statements, retroactivity, Post-Conviction Relief.

Evidence corroborating the truth of a hearsay statement may not be used to support a finding that the statement bears a particularized guarantee of trustworthiness to permit its admission over the Confrontation Clause exception. See: *U.S. v. Turning Bear*, supra. (See: Exhibit "1," Trial Minute Entry).

This being known, resulted in a harmful error that was made in the trial court. The result in the trial court would have been different has this not occurred, which was a product of Prosecutor Misconduct that was allowed by the district court.

*Prejudice:*

The question is whether there is a reasonable probability that, for counsel's failure to investigate and present evidence that could have affected the outcome of the trial. "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Brown v. Myers*, 137 F.3d 1154 (9th Cir. 1998)(citing: *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In this case, the State's case rested on the testimony of three alleged victims, whom two had recanted their initial statements. But, the counsel's biased and prejudiced belief, and put forth the time and effort with the most professionalism; put aside his biased and prejudicial belief, and fight to secure Mr. Jenkins' innocence, and not help procure a showing of guilty by not demonstrating Mr. Jenkins' innocence through evidence and possible witnesses would defense counsel uphold his responsibility as

a competent and adequate defense counsel.

If the jury had the chance to hear and review all of the evidence presented here, on both sides, prosecution and defense, the outcome would have favored the defense. If not, would have likely resulted in an acquittal due to the circumstantial evidence. See: LSA-R.S. 15:438.

However, pursuant to *U.S. v. Turning Bear* and *Danforth v. Minnesota*, it was prohibited for any criminal court to allow admissions of out-of-court statements video-taped statements and provided by the Sixth and Fourteenth Amendments to the United States Constitution. Mr. Jenkins is entitled to the right to recognize that, "No state shall MAKE or ENFORCE law which shall abridge the privileges or immunities of citizens of the United States, nor SHALL ANY STATE DEPRIVE ANY PERSON of life, Liberty, or property without Due Process of Law, nor deny to any person in its jurisdiction of the Equal Protection of Laws."

The United States Supreme Court prohibited out-of-court video-taped statements in all criminal proceedings to be admissible. This this Court deny Mr. Jenkins relief in these proceedings, would be to "make or enforce" a Law to deprive him of the privilege or immunities of other United States citizens. The Court can also review this Claim in the best Interest of Justice.

## CONCLUSION AND PRAYER

### WHEREFORE, PREMISES OF MR. JENKINS CONSIDERED:

Petitioner, Bradley Jenkins, respectfully prays that this Honorable Court will accept his foregoing *Memorandum of Law in Support of Petition for Federal Habeas Corpus* and consider same in concert with his *Application for Federal Habeas Corpus* pursuant to *28 U.S.C.A. § 2254.* Mr. Jenkins, further prays that this Honorable Court, after due consideration of the law and the facts presented by Mr. Jenkins in these proceedings, that Mr. Jenkins is granted federal habeas corpus and that his underlying state conviction and sentence is vacated, and set aside.

Respectfully submitted,

Bradley Jenkins
MPWY/Oak-3
Louisiana State Penitentiary
Angola, Louisiana 70712-9818

### CERTIFICATE OF SERVICE

I, Bradley Jenkins, hereby certify that a true and correct copy of the forgoing has been served upon the Respondent herein, through the Office of the District Attorney, Parish of Washington, by placing same in the Institution's Legal Mail System for depositing in the U.S. Mail, properly addressed and with proper, first-class postage pre-paid, this 21st day of May, 2019.

Bradley Jenkins